**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ENVIRONMENTAL INTEGRITY PROJECT**<br>1000 Vermont Ave.  NW, Suite 1100<br>Washington, DC 20005<br><br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES ENVIRONMENTAL PROTECTION AGENCY**<br>1200 Pennsylvania Ave., NW<br>Washington, DC 20460<br><br>*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)   Civil Action No. 18-2284<br>)<br>)<br>)<br>)   **COMPLAINT FOR**<br>)   **DECLARATORY AND**<br>)   **INJUNCTIVE RELIEF**<br>)<br>)<br>)<br>)<br>)<br>) |

**STATEMENT OF THE CASE**

1.      Plaintiff, the Environmental Integrity Project (EIP), files this complaint for declaratory and injunctive relief to remedy violations of the Freedom of Information Act (FOIA or "Act"), 5 U.S.C. § 552 – specifically, the failure of Defendant U.S. Environmental Protection Agency (EPA or "Defendant") to respond to Plaintiff's August 2, 2018 FOIA request (EPA-HQ-2018-010218) for records relating to EPA's "Rule of Law" and "Core Mission" information technology (IT) projects and for EPA's improper withholding of non-exempt responsive records requested by EIP.

2.      EPA's online summary of its 115 individual investments in IT projects for Fiscal Year 2018 (FY 2018) includes a $20.22 million line item entitled "Rule of Law" and an $18.48 million line item entitled "Core Mission."[1]

3.      EPA has classified these projects as "small/other" or "non-major" IT projects. *Id.*

4.      EPA's regulations define IT investments that incur an annual expenditure of greater than $5 million as "major" IT investments, and "small and other" investments as those whose annual expenditures are "less than $250K."

5.      Under federal regulations and guidance issued by the U.S. Office of Management and Budget (OMB), "major" IT investments require significantly more justification and are subject to much stricter standards than "small/other" IT investments. For example, agencies are required to justify all major IT investments by developing a written "Business Case," which must define strategic objectives, assess risks, and establish a timetable for completion of key tasks.

6.      Agencies are additionally required to make specific information relating to major IT investments, such as project goals and ongoing performance evaluations, publicly available through monthly updates on the government's online "ITDashboard."

7.      EPA has not provided any additional information regarding either project, beyond their titles, either through its online IT investments summary or on EPA's website.

8.      EIP's request seeks records pertaining to any funds obligated, authorized, or expended pursuant to these projects, as well as records relating to their review, approval, scope, and key objectives.

---

[1] *Information Technology Agency Summary: Individual Investments*, U.S. ENVTL. PROT. AGENCY, https://itdashboard.gov/drupal/summary/020 (last visited October 1, 2018).

9.      Plaintiff is a nonprofit, public interest organization dedicated to the effective enforcement of environmental laws and accountability in government who regularly submits FOIA requests for records regarding the operations of EPA.

10.     The records requested are possessed by EPA, readily accessible by the agency, and required to be provided to OMB, with portions made publicly available, independent of FOIA.

11.     Accordingly, Plaintiff respectfully requests this Court to issue an order: (1) declaring Defendant's failure to timely respond to Plaintiff's FOIA request and improper withholding of records to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B); (2) requiring Defendant to immediately identify any records responsive to Plaintiff's request, and to provide any such records promptly to Plaintiff or, if Defendant determines any portion of the records are exempt from disclosure, to provide Plaintiff with such determination and the legal justifications therefor as required by FOIA.

## JURISDICTION

12.     This action arises under the citizen suit provision of the Freedom of Information Act.  5 U.S.C. § 552 (a)(4)(B).

13.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

14.     This Court is a proper venue for all FOIA actions. 5 U.S.C. § 552(a)(4)(B); *In re Scott*, 709 F.2d 717, 720 (D.C. Cir. 1983).

15.     Furthermore, FOIA provides that this Court may issue a declaratory judgment, provide injunctive relief from withholding records and order production of such records, and grant other equitable relief as the Court may deem just and proper. 5 U.S.C. § 552(a)(4)(B); *Payne*

*Enterprises, Inc. v. United States*, 837 F.2d 486, 494 (D.C. Cir. 1988) ("The FOIA imposes no limits on courts' equitable powers in enforcing its terms.") (citing *Renegotiation Bd. v. Bannercraft Clothing Co., Inc.*, 415 U.S. 1, 20 (1974) ("With the express vesting of equitable jurisdiction in the district court by § 552(a), there is little to suggest, despite the Act's primary purpose, that Congress sought to limit the inherent powers of an equity court")).

16.     This Court has jurisdiction to hear this claim because Plaintiff has exhausted its administrative remedies, as a result of EPA's failure to provide any response to Plaintiff within 20 working days of Plaintiff's request as required by law. 5 U.S.C. § 552(a)(6)(A)(i). Under FOIA, a requester "shall be deemed to have exhausted his administrative remedies with respect to such request of the agency fails to comply with the applicable time limit provisions…" 5 U.S.C. § 552(a)(6)(C)(i).

17.     This Court may award attorney fees and litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E).

## PARTIES

18.     Plaintiff EIP is a nonpartisan, nonprofit organization founded in 2002 by former EPA enforcement attorneys to advocate for more effective enforcement of environmental laws. EIP's three main organizational objectives are: (1) to illustrate through objective facts and figures how the failure to enforce or implement environmental laws increases pollution and affects the public's health; (2) to hold federal and state agencies, as well as individual corporations, accountable for failing to enforce or comply with environmental laws; and (3) to help local communities in key states obtain the protection of environmental laws. Consistent with its mission, EIP regularly submits FOIA requests for records pertaining to EPA programs implementing its statutory responsibility to protect health and the environment.

19.     Defendant EPA is a government agency responsible for protecting human health and the environment. Defendant EPA has possession, custody, and control of the records to which Plaintiff seeks access. Defendant EPA is headquartered at 1200 Pennsylvania Avenue NW, Washington, DC 20460.

## LEGAL BACKGROUND

20.     FOIA's "basic purpose reflect[s] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dept. of the Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (quoting S. Rep. No. 89-813, at 3 (1965)). "Without doubt, timely disclosure of information of potential public interest was among Congress's central aims in enacting FOIA," and Congress expressly understood that because "information is often useful only if it is timely… excessive delay by the agency in its response is often tantamount to denial." *Daily Caller v. U.S. Dep't of State*, 152 F. Supp. 3d 1, 13 (D.D.C. 2015) (quoting H.R. Rep. No. 93–876, at 6 (1974)). Accordingly, FOIA states that "[u]pon any determination by an agency to comply with a request for records, the records shall be made **promptly available** to such person making the request" 5 U.S.C. § 552(a)(6)(C)(i) (emphasis added); *see also* 40 C.F.R. § 2.104(f) ("Once an office makes a determination to grant a request in whole or in part, it will release the records or parts of records…").

21.     FOIA requires that an agency "shall determine within 20 [working] days… after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor; the right of such person to seek assistance from the FOIA Public Liaison of the agency; and in the case of adverse determination – the right of such person to appeal…[or] to seek dispute resolution services

from the FOIA Public Liaison…" 5 U.S.C. § 552(a)(6)(A)(i). In "unusual circumstances" the time limits may be extended by written notice, within the statutorily provided response period, which must "set[] forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552 (a)(6)(B)(i). This extension notice may not "specify a date that would result in an extension for more than ten working days" unless defendant invokes a narrow exception, wherein the agency reasonably asks the requester to narrow the scope of his or her inquiry. *Id*. Thus, the Act mandates that an agency shall respond with a determination no more than 30 working days after receiving a FOIA request.

22.     FOIA additionally provides that "[a]ny person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 552(6)(C)(i); *see also Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 189–90 (D.C. Cir. 2013) ("To reiterate, if the agency does not adhere to FOIA's explicit timelines, the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court").

## FACTUAL BACKGROUND

**Agencies Are Required to Disclose Information Regarding "Major" IT Investments**

23.     OMB Circular No. A-11 imposes strict standards on agencies requiring them to report certain information justifying and supporting any proposed "major" IT investments. *See* Excerpted OMB Circular No. A-11, Ex. A at §§ 55.1 – 55.8.

24.     OMB Circular No. A-130 defines a "major" IT investment as "an investment that requires special management attention as defined in OMB guidance and agency policies, a 'major automated information system' as defined in 10 U.S.C. § 2445, or a major acquisition as defined in the OMB Circular A-11[.]" OMB Circular No. A-130 ¶ 10(a)(52).

25.     OMB Circular A-11 defines "major acquisitions" as capital assets that "require special management attention because of their importance to the agency mission; high development, operating, or maintenance costs; high risk; high return; or their significant role in the administration of agency programs, finances, property, or other resources." Ex. A.

26.     OMB Circular No. A-11 requires agencies to have "well documented thresholds" for major acquisitions "clearly disseminated and implemented across the organization." *Id.*

27.     EPA's Information Directive Policy CIO 2120.1, approved in December 2017, defines a "major IT investment" as "an investment that meets at least one" of several criteria, including investments "implemented for financial management, and obligat[ing] more than $500K annually," **or** incurring an "[a]nnual expenditure greater than $5M." *See* Excerpted EPA Information Directive Policy No. CIO 2120.1 (December 21, 2017), Ex. B.

28.     EPA CIO 2120.1 clearly states that EPA has adopted an agency-wide threshold for major IT investments as those incurring an "[a]nnual expenditure greater than $5 [million]." *Id.*

29.     EPA CIO 2120.1 also defines a "small and other IT investment" as an investment whose annual expenditures are "less than $250K." *Id.*

30.     Agencies are required to justify all "major IT investments by developing a written "Business Case," which must define strategic objectives, assess risks, and establish a timetable for completion of key tasks. Ex. A; *see also* OMB Circular A-130 ¶ 5(3)(d) (stating that "[a]t a

minimum, agencies shall ensure that… [d]ecisions related to major IT investments are supported by business cases with appropriate evidence[.]").

31.     Additionally, the Chief Information Officer for each agency has a "responsibility to assess each Major IT Investment pursuant to 40 U.S.C. § 11315(c)(2)," which includes reviewing each major business case to determine whether project objectives and responsibilities are clear, monitoring and evaluating the performance of those programs based on the applicable performance measurements, and periodically reporting on whether tasks are being completed on schedule. Ex. A; 40 U.S.C. § 11315(c)(2).

32.     Agencies must also make public specific information regarding major IT investments, such as project goals and the Chief Information Officer's ongoing performance evaluations, via the government's online "ITDashboard." Ex. A at § 51.19(b).

33.     EPA CIO 2120.1 clearly reiterates that all of these reporting requirements apply to major IT investments, including the monthly ITDashboard updates. Ex. B.

**EPA's "Rule of Law" and "Core Mission" IT Investments**

34.     EPA's budget for FY 2018 on ITDashboard includes two investments entitled "Rule of Law" (UII 020-000000058), which is projected to incur $20.22 million in FY 2018, and "Core Mission" (UII 020-000000056), which is projected to incur $18.48 million in FY 2018. *See* EPA ITDashboard Screenshot (October 1, 2018), Ex. C.

35.     Both investments are classified as "non-major" or "small/other" IT investments, despite exceeding both EPA's clearly defined threshold of $250K in annual expenditures for "small and other" IT investments, and EPA's clearly defined threshold of $5 million in annual expenditures for "major" IT investments. Ex. B.

36.     The combined expense of these two projects alone ($38.7 million) accounts for nearly 10% of EPA's total budget for "IT expenditures" for FY 2018 ($401 million).[2]

37.     The combined expense of these two projects alone ($38.7 million) is equivalent to approximately 61% of all of EPA's FY 2018 spending for the 8 "major" IT investments actually reported on ITDashboard ($62.556 million). *Id.*

38.     No Business Case is provided for either the "Rule of Law" or "Core Mission" line items on EPA's online ITDataBank.

39.     No further information regarding these programs, such as the Chief Information Officer's approvals or assessments, project objectives and responsibilities, and applicable performance measurements required by law for all major acquisitions, is provided on ITDataBank.

40.     No additional information regarding these programs is available on EPA's website.

41.     On May 24, 2018, EIP Executive Director Eric Schaeffer emailed Steven Fine, Chief Information Officer of EPA, requesting clarification regarding the "Rule of Law" and "Core Mission" items. *See* Emails from Eric Schaeffer, EIP to Steven Fine, EPA, Ex. D.

42.     The May 24 email stated the facts above, and noted that the classification of these investments as "small/other" appeared to directly contradict EPA's own regulations, and that no justifying materials or other information was available regarding these projects. *Id.*

43.     The May 24 email requested Mr. Fine to confirm whether these investments had been correctly classified, and whether EPA could provide any information on whether justifying materials, such as an investment summary or business case, had been developed for either project. *Id.*

---

[2] *Information Technology Agency Summary: Individual Investments*, U.S. ENVTL. PROT. AGENCY, https://itdashboard.gov/drupal/summary/020 (last visited October 1, 2018).

44.      Having received no response to his May 24 email, Mr. Schaeffer emailed Mr. Fine again on June 3, 2018, repeating his request. *Id.*

45.      Mr. Fine did not respond to or acknowledge either the May 24 or June 3 emails.


**The August 2 FOIA Request**

46.      On August 2, 2018, Plaintiff submitted a FOIA request to Defendant EPA, via the federal government's FOIAonline website, seeking records relating to the "Rule of Law" and "Core Mission" IT investments. *See* August 2, 2018 FOIA Request and Confirmation, Ex. E.

47.      Specifically, the request sought any "records that reflect the amounts of any funds obligated, authorized, or expended" pursuant to each project, including (but not limited to) "any records indicating the amounts obligated, authorized, or expended for this project by specific offices or programs, including amounts allocated to payroll, overhead, or contracts with non-government organizations or individuals." *Id.*

48.      The request also sought any records that indicate "review or approval of the project[s] by EPA's Chief Information Officer"; "[a]ny 'Business Case' (informally called Exhibit 300's, and whose requirements are defined in Section 55.7 of OMB Circular No. A-11) that may have been developed for the project[s]"; and "[a]ny record that describes the goals, objectives, tasks, or deadlines for each project, or which identifies the responsibilities for implementing each project." *Id.*

49.      The description accompanying the FOIA request noted that the request was seeking "records containing information that would clarify what this money is for, how and where it will be spent, and details on the overarching goals, objectives, deadlines, and responsibilities for implementation for both projects." *Id.*

50.     The request included an offer to clarify the scope of the request further, if necessary. *Id.*

51.     EPA confirmed that it received the request on August 2, 2018, and assigned it tracking number EPA-HQ-2018-010218. *Id.*

52.     EPA did not respond to the request, or seek any clarification or extension, by August 30, 2018 (i.e., within the 20 working day statutory deadline imposed by § 552(a)(6)(A)(i)).


**EPA's Failure to Respond and Produce the Requested Records**

53.     On September 11, 2018, EIP attorney Sanghyun Lee emailed EPA to request a status update on whether and when EPA would respond to EIP's request and produce the records sought. *See* Email from Sanghyun Lee, EIP to EPA HQFOIA (September 11, 2018), Ex. F.

54.     Mr. Lee's email also noted that the request had mistakenly been classified as being from a "commercial" requester for "commercial use," despite EIP's status as a nonprofit requester with no commercial interest in the data sought, and requested that EPA correct this misclassification. *Id.*

55.     Mr. Lee again offered to clarify the scope or subject matter of the request, if necessary. *Id.*

56.     EPA did not respond to this email, or correct the "commercial use" classification of EIP's request.

57.     As of the date of filing this complaint, Plaintiff has not received any requests for clarification or extension to respond to EIP's FOIA request.

11

58.     As of the date of filing this complaint, Plaintiff has not received any response from Defendant providing (1) any determination as to whether Defendant intends to comply with Plaintiff's request (2) any estimated timeframe for response, or (3) any of the records requested.

## FIRST CLAIM FOR RELIEF
### Failure to Respond to Plaintiffs' FOIA Requests within Statutory Time Limits

59.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

60.     Plaintiff has a statutory right to have EPA process Plaintiff's FOIA request and to receive notice of EPA's determination whether to comply with Plaintiff's requests within the timeframes mandated by the Act, and to have the requested records made promptly available to Plaintiff.

61.     Defendant's failure to timely respond to Plaintiff's FOIA request is a violation of the FOIA requirement that an agency "shall determine within 20 [working] days . . . after the receipt of any [FOIA] request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor . . . ." 5 U.S.C. § 552(a)(6)(A)(i). FOIA then requires that "each agency, upon any request for records…make the records promptly available…" 5 U.S.C. § 552(a)(3)(A).

## SECOND CLAIM FOR RELIEF
### Agency Records Improperly Withheld

62.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

63.     Defendant has improperly withheld responsive records requested by Plaintiff which are possessed by EPA, readily accessible by the Agency, and not otherwise exempt under FOIA.

64.    As noted above, the records sought by Plaintiff's request relate to information that EPA has an independent obligation, per OMB guidance and EPA's own regulations regarding IT expenditures, to make publicly available.

65.    Plaintiff has exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

66.    Defendant's disregard of its duty to release the documents requested has harmed and will continue to harm Plaintiff until EPA is compelled to comply with FOIA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

67.    Declare Defendant's failure to timely respond to Plaintiff's FOIA request and improper withholding of records to be unlawful under FOIA, 5 U.S.C. § 552(a)(6)(A)-(B);

68.    Order Defendant to immediately identify any records responsive to Plaintiff's request, and to provide such records promptly to Plaintiff;

69.    Order Defendant to respond to Plaintiff's FOIA request, and to provide Plaintiff with all responsive records identified in Plaintiff's FOIA request as expeditiously as possible. In the alternative, if the Agency determines that any records are exempt from disclosure, order Defendant to make an appropriate determination and filing that provides the legal and factual basis justifying such exemption as expeditiously as possible;

70.    Retain jurisdiction to ensure compliance with this Court's decree;

71.    Award Plaintiff its costs of this action, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

72.    Grant such other relief as this Court may deem just and proper.

Respectfully submitted this 2nd day of October, 2018,

<div style="margin-left: 50%;">

*/s/ Sylvia Lam*
SYLVIA LAM (D.C. Bar No. 1049147)
Environmental Integrity Project
1000 Vermont Ave. NW, Suite 1100
Washington, DC 20005
Phone: (202) 888-2701
Fax: (202) 296-8822
slam@environmentalintegrity.org

*Counsel for Environmental Integrity Project*

</div>